UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO VALERIANO DELACRUZ,<br><br>Petitioner,<br><br>v.<br><br>B. CATES, Warden,<br><br>Respondent. | No. 2:21-cv-1950-EFB P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The petition lists the following grounds for relief: due process; double jeopardy; police misconduct; ineffective assistance of counsel; prosecutorial misconduct; and judicial abuse. ECF No. 1 at 3.

Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain from the petition and appended exhibits that petitioner is not entitled to federal habeas relief because the petition is barred by the statute of limitations.[2]

---

[1] He has paid the filing fee.

[2] This court may raise the statute of limitations *sua sponte* when reviewing a habeas petition. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Herbst v. Cook*, 260 F.3d 1039,

A federal habeas petition must be filed within one year of: (1) the date the state court judgment became final, either by conclusion of direct review or the expiration of time to seek such review; (2) the date on which an impediment to filing created by state action is removed (if the applicant was prevented from filing by that action); (3) the date on which a constitutional right is newly recognized by the Supreme Court and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been recognized through the exercise of due diligence. *See* 28 U.S.C. § 2244(d). In most cases, the statute of limitations begins to run after the state court judgment becomes final pursuant to 28 U.S.C. § 2244(d)(1).

On March 2, 2011, petitioner was convicted of, *inter alia*, firing from a vehicle, with the jury finding true the enhancement that he discharged a firearm causing great bodily injury. ECF No. 1 at 2, 29. On April 15, 2011, petitioner was sentenced to an aggregate term of 32 years to life in state prison. *Id.* On October 23, 2012, the Court of Appeal reversed his conviction for assault upon an officer and remanded the case for resentencing. *Id.* at 29. On December 7, 2012, the trial court resentenced petitioner to an aggregate term of 30 years and eight months to life in prison. *Id.* at 16, 29. There is no indication that, following resentencing, petitioner sought direct review of the amended judgment. Thus, his conviction would have become final on February 5, 2013, 60 days after being resentenced. *See* Cal. R. Ct. 8.308(a); *Griffith v. Kentucky*, 479 U.S. 314, 321, n.6 (1987) (a case becomes final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or was denied).

Petitioner filed his federal habeas petition on October 12, 2021, over eight years after his criminal conviction became final. ECF No. 1. Petitioner advances no argument as to why his petition ought to be considered timely filed. Moreover, petitioner does not seek, nor has he demonstrated that he is eligible for any form of statutory or equitable tolling. Because the record indicates that the petition may "fall outside the one-year time period, the petitioner has the burden of demonstrating that he is entitled to tolling." *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002), *abrogated on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Therefore,

---

1042 n.3 (9th Cir. 2001) (Federal district courts may consider the timeliness of a state prisoner's habeas petition to serve the interests of judicial efficiency.).

petitioner must explain to this court how his petition complies with the relevant statute of limitations.

Accordingly, IT IS HEREBY ORDERED that within fourteen days from the date of service of this order, petitioner must show cause why the court should not summarily dismiss the petition. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: December 7, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE